## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| **DEERE CREDIT, INC.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| | ) Case No. 08-2022 |
| **KAUFMAN GRAIN COMPANY and** | ) |
| **KEVIN KAUFMAN,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

In January 2008, Plaintiff, Deere Credit, Inc., filed a Complaint (#1) in the District Court for the Central District of Illinois against Defendants, Kaufman Grain Company and Kevin Kaufman, seeking compensation for breach of contract. Plaintiff's complaint attempts to establish federal jurisdiction based on diversity pursuant to 28 U.S.C. § 1332.

I. Discussion  Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, they have a continuing duty to satisfy themselves of their subject matter jurisdiction before proceeding on the merits of any case. *Krebs v. Jacobs,* No. 01-C-5639, 2001 WL 1268562, at *1 (N.D. Ill. Oct. 23, 2001). Although neither party has raised the issue, the Court must be vigilant about the existence of subject matter jurisdiction and may raise the issue on its own. *See Weaver v. Hollywood Casino-Aurora, Inc.,* 255 F.3d 379, 381 (7th Cir. 2001) (court has duty to satisfy itself of its own jurisdiction and may raise the issue on its own if the parties do not).

In light of Seventh Circuit admonitions, *see, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072 (1992), the Court has reviewed the pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the complaint.

As a preliminary matter, the Court reminds Plaintiff that allegations of jurisdiction are subject to the "reasonable inquiry" requirement of Rule 11.  FED. R. CIV. P. 11; *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir. 1992) (allegations concerning the citizenship of the defendants made upon information and belief are improper under the Federal Rules of Evidence); *Multi-M Intern., Inc. v. Paige Med. Supply Co., Inc.,* 142 F.R.D. 150, 152 (N.D. Ill. 1992).  Furthermore, parties cannot "agree" to subject matter jurisdiction.  Although parties may waive or consent to a court's lack of personal jurisdiction, they may not waive a lack of subject matter jurisdiction, because it is a restriction on federal power.  *O'Brien v. R.J. O'Brien & Assoc., Inc.,* 998 F.2d 1394, 1399 (7th Cir. 1993).

### A.  Failure To Allege the Citizenship of an Individual

A complaint asserting diversity jurisdiction must allege the citizenship of an individual party, not merely his or her residence.  28 U.S.C. § 1332(a)(1) & (d)(2)(A); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held,* 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient.  *Steigleder v. McQuesten,* 198 U.S. 141, 142 (1905).  Dismissal is appropriate where parties allege residence but not citizenship.  *Held,* 137 F.3d at 1000.

Here, Plaintiff has alleged that Defendant Kaufman is a resident of Indiana, but has failed to allege his citizenship.  Because such allegations of residence are jurisdictionally insufficient, dismissal is appropriate.  *Steigleder,* 198 U.S. at 141; *Held*, 137 F.3d at 1000.

### B.  Failure To Allege the Citizenship of a Corporation

A corporation is a citizen of both the state of its principal place of business and the state of its incorporation.  28 U.S.C. § 1332(c)(1).  The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.  Dismissal is appropriate if a plaintiff fails to make such allegations.  *Ind. Hi-Rail Corp. v. Decatur Junction Ry. Co.,* 37 F.3d 363, 366 n.3 (7th Cir. 1994).

Here, Plaintiff has alleged that it was incorporated in Delaware and its principal place of business is Iowa. Plaintiff alleged that Defendant Kaufman Grain was incorporated in Delaware, but failed to allege its principal place of business. Instead, Plaintiff alleged that Kaufman Grain "conducted business operations in Vermillion County, Illinois." (#1, ¶ 4.) This allegation is inadequate to allege the principal place of business of a corporation. *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 529 (7th Cir. 2002) (stating that an allegation that a company is authorized to conduct business in a particular state "says nothing about where its principal place of business is").

### C. Lack of Complete Diversity

As noted above, Plaintiff's failure to adequately allege the citizenship of the parties constitutes grounds for dismissing the suit. *See Held,* 137 F.3d at 1000; *Ind. Hi-Rail Corp.*, 37 F.3d at 366 n.3. Even if Plaintiff had adequately alleged the citizenship of the parties however, this Court could not exercise jurisdiction over the case. Federal jurisdiction based on diversity requires complete diversity between the parties, meaning that no plaintiff may have the same citizenship as a defendant. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Here, Plaintiff has alleged that Plaintiff and Defendant Kaufman Grain were both incorporated in Delaware. Thus, they are both citizens of Delaware and complete diversity is lacking in this suit. Accordingly, the Court recommends dismissing this suit for lack of federal jurisdiction.

### II. Summary

For the reasons set forth above, this Court recommends dismissing this case based on lack of diversity. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 8th day of February, 2008.

                                                    s/ DAVID G. BERNTHAL
                                                    U.S. MAGISTRATE JUDGE